## Case No. 919.

### BANK OF THE UNITED STATES v. JOHNSON.

[3 Cranch, C. C. 228.] [1]

Circuit Court, District of Columbia.   Dec. Term, 1827.

ACCOUNTS—REFERENCE TO AUDITOR—EVIDENCE—BANK OFFICER'S BOND.

1. Upon trial before a jury in an action at law, the report of the auditor to whom the cause had been referred, under the Maryland act of 1785, c. 80, § 12, to state the accounts of the parties, is prima facie evidence of the balance due, if the principles upon which the account is stated are correct, and the evidence properly received by the auditor.   An account rendered by the defendant to the plaintiff is proper evidence for the plaintiff before the auditor.   A teller of a bank is not liable for losses incurred during his absence from the bank.

[Followed in Bank of U. S. v. Williams, Case No. 942.]

[See Barry v. Barry, Case No. 1,060.]

2. Although the bank took bond and security from their teller for the faithful performance of the duties of his office, yet they may recover, in an action for money had and received, any balance of money remaining in his hands unaccounted for.

3. A judgment against the bank, in a suit upon the teller's bond, is not a bar to an action for money had and received by him for the use of the bank.

4. If evidence be given to the jury, without objection, which the court afterwards decides to be inadmissible, the court will instruct the jury that it is not evidence properly before them.

At law. Assumpsit [by the Bank of the United States against Richmond Johnson] for money had and received, being the balance of money in the defendant's hands as second teller, not accounted for.   [Judgment for plaintiff. A former action of debt against the surety on the teller's official bond resulted in judgment for defendant. Bank of U. S. v. Brent, Case No. 910.]

This cause was referred to an auditor (Mr. Redin,) to state the account, under the Maryland act of 1785, c. 80, § 12.   The auditor reported the evidence on which his statement of the account was founded, and the objections made to it before him, and the principles upon which he found the balance due. The report states that certain parts of the evidence were objected to by the defendant, and states the objections made.

Mr. Jones, for the defendant, contended that the whole account is to be proved now before the jury, in the same manner as before the auditor, and referred to the opinion of this court in the case of Barry v. Barry, at December term, 1827, [Case No. 1,060.]

But THE COURT (nem. con.) said that the exceptions to the proceedings of the auditor appearing, upon the report, to be confined to the admissibility of the evidence, and to the principles upon which the auditor acted in ascertaining the balance, and no exception having been taken to that balance, or to any

item of the account, of which it is stated to be the balance, if the court should be of opinion that the auditor was right in receiving that evidence, and in the principles upon which he made up the account, his report of the balance is prima facie evidence that so much was due from the defendant to the plaintiff.

The next question was as to the admissibility of a paper, marked AA, which was a statement, made by the defendant, of his account as second teller, with the bank, and taken from one of the bank-books and presented to the board of directors by the defendant, as an account showing the deficit in his accounts.   The fact that it was in the handwriting of the defendant, and was offered by him to the directors of the bank as a true statement of his account, was stated, in the report, to have been proved by the deposition of Mr. R. Smith, taken before the auditor, and which did not appear to be objected to.

THE COURT (nem. con.) decided that the paper AA was properly admitted by the auditor; and also that the defendant was not liable for losses which were incurred in his absence from the bank.   The court, therefore, permitted the plaintiff to read to the jury so much of the auditor's report as shows the balance due from the defendant upon that principle; the auditor having stated the account in different ways, so as to meet any opinion of the court upon the question of his liability for losses during his absence.

Mr. Jones then contended, that the plaintiffs, by taking a bond with surety for the faithful performance of the duties of his office as teller, had thereby made an express contract upon the subject of his liability as teller, and therefore the law will not imply any other on that subject.   In a suit on that bond the defendant pleaded that, although he had not accounted for all the money which came to his hands as teller, yet such default did not arise from want of fidelity; and upon demurrer to that plea, the court decided in favor of the defendant, being of opinion that the bond only required fidelity.   It is agreed that this matter may be considered by the court as if it were a demurrer to a plea of a former judgment upon the same cause of action.

Mr. Swann and Mr. Lear, contra.   This suit is not for the same cause of action.   That was for a breach of the condition of the bond; this is upon the general liability, which the law raises, to repay money received by the defendant for the plaintiffs' use.   The evidence to support this action would not have supported that; nor would the evidence in that support this.

THE COURT (MORSELL, [Circuit Judge,] contra) was of opinion that it was not the same cause of action.   The bond, plea, and judgment of the court having been read to the jury by Mr. Jones, without objection, before the court had given that opinion.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Swann, for the plaintiffs, moved the court to instruct the jury that the papers so read to them were not evidence properly before them; and

THE COURT (MORSELL, [Circuit Judge,] contra) so instructed them.

Verdict for plaintiffs, $5,743.26, with interest from 19th December, 1825.

Bills of exception were taken, but no writ of error was prosecuted.